IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BEVERLY BLAKE, ET AL., | ) | CIVIL NO 08-00281 SPK-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CRAIG NISHIMURA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY</u>**

Before the Court is a Motion to Compel Discovery ("Motion"), filed by Plaintiffs Beverly Blake, Stephanie Camilleri, Arlene Supapo, individually and on behalf of all persons similarly situated (collectively "Plaintiffs"), on October 1, 2008.  Defendants Craig Nishimura, in his official capacity as Acting Director of the Department of Facility Maintenance, and the City and County of Honolulu, a municipal corporation ("the City") (collectively "Defendants") did not file a response to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiffs' request to compel discovery is HEREBY GRANTED and Plaintiffs' request for attorney's fees is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiffs' June 12, 2008 Complaint contains the following allegations:

Plaintiffs are tenants of Westlake Apartments, a low-income housing project owned by Defendants ("Westlake"). Westlake is federally subsidized through the Section 8 Loan Management Program.  Under that program, the rent that a tenant pays, including utilities, generally cannot exceed thirty percent of her income.  If a tenant pays her own utilities, the landlord must provide a utility allowance.  The landlord must periodically review the allowance to ensure that it covers the tenant's utilities.  The landlord must adjust the allowance whenever utility rates increase by ten percent.

Plaintiffs allege that Defendants have failed to adjust the utility allowances for Westlake tenants for at least ten years.  Thus, Defendants are significantly overcharging Westlake tenants because the utility allowances have not kept up with the skyrocketing utility rates.  Plaintiffs allege that Defendants have falsely certified that they properly calculated the rents of the Westlake tenants.

Plaintiffs assert the following claims: violation of the United States Housing Act and supporting regulations; violation of 42 U.S.C. § 1983; breach of rental agreements; and violation of Hawaii Revised Statutes Chapter 480.  Plaintiffs

seek preliminary and permanent injunctions, actual damages, treble damages, statutory damages, attorney's fees and costs, and other appropriate relief.

In the instant Motion, Plaintiffs ask the Court to enter an order:

- compelling Defendants to immediately file their initial disclosures, which were due on August 14, 2008;
- compelling the City to designate a representative in response to Plaintiffs' notice of Federal Rule of Civil Procedure 30(b)(6) deposition, dated August 8, 2008;[1]
- compelling the City to produce documents sought in Plaintiffs' First Request for Production of Documents ("RFPD"), dated and served on August 8, 2008;
- awarding Plaintiffs' attorneys' fees and costs incurred in bringing the instant Motion; and
- awarding any other appropriate relief.

Plaintiffs allege that Defendants have failed to comply with their discovery obligations in this case. At the September 8, 2008 Rule 16 Scheduling Conference, Defendants requested a three-week extension of time to respond to Plaintiffs' RFPD. Plaintiffs' counsel stated that they would agree to the extension, if Defendants agreed to serve their initial disclosures by September 19, 2008 and to reschedule the 30(b)(6) deposition for September 29, 2008. Defendants' counsel never responded to this proposal.

---

[1] Plaintiffs noticed the deposition for August 21, 2008. On the morning of the deposition, Defendants' counsel called Plaintiffs' counsel to inform them that no one would appear to testify. Plaintiffs' counsel requested an alternative date, but Defendants' counsel never provided one.

## **DISCUSSION**

### I.   **Discovery Obligations**

Defendants have failed to: serve their initial disclosures as required by Federal Rule of Civil Procedure 26(a); respond to the RFPD pursuant to Federal Rule of Civil Procedure 34; and designate a representative for a Rule 30(b)(6) deposition.  Federal Rule of Civil Procedure 37(a)(3) provides, in pertinent part:

> (A) **To Compel Disclosure.**  If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) **To Compel a Discovery Response.**  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:
> . . . .
>     (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> . . . .
>     (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Defendants have had ample time to respond to these discovery requests and have not raised any objections to Plaintiffs' requests.  This Court therefore GRANTS Plaintiffs' request to compel discovery and ORDERS Defendants to: 1) serve their initial disclosures; 2) produce the documents requested in the RFPD; 3) identify a representative for a Rule 30(b)(6) deposition; and 4)

provide proposed dates for the Rule 30(b)(6) deposition. Defendants shall do so by no later than **Friday, November 7, 2008**.

## II.  Entitlement to Attorney's Fees and Costs

In addition, insofar as this Court has granted the Motion, this Court also "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). An award of reasonable expenses, however, is not appropriate if:

> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Id.  Plaintiffs' Motion requests $849.00 in attorney's fees.[2] They do not request any costs.  [Mem. in Supp of Motion at 7.] Defendants therefore had notice of the amount of the attorney's fees sought and had the opportunity to be heard on the issue by filing a memorandum in opposition to the Motion.  Defendants did not do so.  This Court therefore finds that Plaintiffs are entitled to an award of attorney's fees incurred in connection

---

[2] Plaintiffs also requested an additional $600 based on the estimated time counsel would spend preparing the reply and attending the hearing on the Motion.  The Court will not consider this amount because there was neither a reply nor a hearing.

with the instant Motion.

**III. Calculation of Award**

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Daque, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request of $849 represents approximately 1.5 hours by Jason H. Kim, Esq., at $275 per hour, and approximately 3.5 hours by Kelly Muller, a paralegal, at $125 per hour.  [Motion, Decl. of Jason H. Kim at ¶¶ 12-13.]  Mr. Kim was admitted to the Hawaii state bar in 1998.  Plaintiffs did not include any information about Ms. Muller's experience.

### A.  Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Although Plaintiffs have not done this, this Court is well aware of the prevailing rates in the community. This Court finds that the requested hourly rates for Mr. Kim and Ms. Mueller are unreasonable and is inconsistent with this Court's recent decisions.

For example, in Melodee H., et al. v. Department of Education, a case under the Individuals with Disabilities in Education Act, this Court agreed with the plaintiffs that $185 was a reasonable hourly rate for Susan Dorsey, Esq., who was admitted to the bar in 2000. See CV 07-256 HG-LEK, Report of Special Master on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs at 21 (Sept. 23, 2008). In Horizon Lines, LLC v. Kamuela Dairy, Inc., et al., which involved the enforcement of a settlement agreement, the plaintiff requested $270 per hour for Gregory Kugle, Esq., who was admitted to the bar in 1995. This Court however, found that $260 was a reasonable hourly rate. See Horizon Lines, CV 08-039 JMS-LEK, Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16,

2008 at 8 (Sept. 3, 2008).[3]  Based on this Court's knowledge of the prevailing rates in the community and its prior rulings, this Court finds that an hourly rate of $240 is reasonable for Mr. Kim.

This Court typically recommends $80 per hour for paralegals, unless the paralegal has specialized knowledge or significant experience, in which case, the Court will recommend $85 per hour.  See, e.g., Melodee H., Report of Special Master on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs at 21 ($85 per hour for paralegal with experience in specialized area of law); Mabson v. Ass'n of Apartment Owners of Maui Kamaole, et al., CV 06-00235 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel at 7-8 (Feb. 26, 2008) ($85 per hour for paralegal with thirteen years of experience).  Based on this Court's knowledge of the prevailing rates in the community and its prior rulings, this Court finds that an hourly rate of $80 is reasonable for Ms. Muller.

B. **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are

---

[3] On September 29, 2008, the district judge adopted this Court's amendment in Horizon Lines.

reasonably necessary to achieve the results obtained.  See <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

The Court finds that the number of hours that Plaintiffs' counsel spent on the instant Motion is manifestly reasonable.

### C. <u>Total Lodestar Award</u>

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jason Kim | 1.5 | $240 | $360.00 |
| Kelly Muller | 3.5 | $ 80 | $280.00 |
| | **TOTAL LODESTAR AWARD** | | **$640.00** |

The Court declines to reduce the award based on the remaining Kerr factors.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Compel Discovery, filed October 1, 2008, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiffs' request to compel discovery is GRANTED.  This Court therefore ORDERS Defendants to, by no later than **Friday, November 7, 2008**: 1) serve their initial disclosures; 2) produce the documents requested in the RFPD; 3) identify a representative for the noticed Rule 30(b)(6) deposition; and 4) provide proposed dates for the Rule 30(b)(6) deposition.

Plaintiffs' request for attorney's fees is GRANTED IN PART AND DENIED IN PART.  This Court finds that Plaintiffs are entitled to $640.00 in attorney's fees incurred in connection with the instant Motion.  Defendants shall pay this amount to Plaintiffs' counsel by no later than **Wednesday, November 27, 2008.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 24, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BEVERLY BLAKE, ET AL. V. CRAIG NISHIMURA, ET AL; CIVIL NO. 08-00281 SPK-LEK; ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY**