IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BEVERLY BLAKE, ET AL., | ) | CIVIL NO 08-00281 LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CRAIG NISHIMURA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING THIRD PARTY DEFENDANT'S**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Before the Court is Third Party Defendant Hawaiian Properties, Limited's ("HPL") Motion for Preliminary Approval of Settlement ("Motion"), filed on December 22, 2009.  Neither Plaintiffs Beverly Blake, Stephanie Camilleri, Arlene Supapo, individually and on behalf of all persons similarly situated (collectively "Plaintiffs") nor Defendant the City and County of Honolulu, a municipal corporation ("the City") filed an opposition to the Motion.  This matter came on for hearing on January 29, 2010.  Appearing on behalf of HPL was Matt Tsukazaki, Esq., appearing on behalf of Plaintiffs was Jason Kim, Esq., and appearing on behalf of the City were D. Scott Dodd, Esq., and James Shin, Esq.  After careful consideration of the Motion and the relevant legal authority, HPL's Motion is HEREBY GRANTED.

**DISCUSSION**

The instant Motion seeks preliminary approval of the

settlement in this class action pursuant to Federal Rule of Civil Procedure 23(e). Rule 23(e) states, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> >
> > (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> >
> > (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> >
> > . . . .
> >
> > (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

"The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

The Court must examine the settlement as a whole for overall fairness. The Court must approve or reject the settlement in its entirety; it cannot alter certain provisions. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court must balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citations omitted).

Having considered all of the relevant factors, and for the reasons set forth in the Motion, this Court makes a preliminary finding that the proposed settlement is fair, reasonable, and adequate.  The Court therefore GRANTS preliminary approval of the settlement.

## **CONCLUSION**

On the basis of the foregoing, HPL's Motion for Preliminary Approval of Settlement, filed on December 22, 2009, is HEREBY GRANTED.  The Court DIRECTS Plaintiffs' counsel to provide notice of the proposed settlement to the class.  This Court will conduct a final fairness hearing on **March 19, 2010, at 9:30 a.m.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2010.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BEVERLY BLAKE, ET AL. V. CRAIG NISHIMURA, ET AL; CIVIL NO. 08-00281 LEK; ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**