IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BEVERLY BLAKE, ET AL.,          )     CIVIL NO 08-00281 LEK
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
CRAIG NISHIMURA, ET AL.,        )
                                )
          Defendants.           )
_____ )


## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

On February 12, 2010, Plaintiffs Beverly Blake, Stephanie Camilleri, and Arlene Supapo, individually and on behalf of all persons similarly situated (collectively "Plaintiffs") filed a Motion for Award of Attorneys' Fees, seeking $33,415.20 in attorneys' fees incurred by Lawyers for Equal Justice ("LEJ Motion"), and a Motion for Award of Attorneys' Fees and Costs, seeking $54,113.59 in attorneys' fees and $6,866.31 in costs incurred by Alston Hunt Floyd & Ing ("AHFI Motion").  Defendant/Third-Party Plaintiff City and County of Honolulu ("the City") and Third-Party Defendant Hawaiian Properties, Ltd. ("HPL") jointly filed a memorandum in opposition to the motions on February 12, 2010, and a supplemental memorandum in opposition on March 2, 2010.  On March 5, 2010, Plaintiffs filed a reply in support of the LEJ Motion ("LEJ Reply") and a reply in support of the AHFI Motion ("AHFI Reply").

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules").  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' LEJ Motion and AHFI Motion are HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.  This Court AWARDS Plaintiffs $22,472.84 in attorneys' fees incurred by Lawyers for Equal Justice, and $43,685.85 in attorneys' fees and $6,866.31 in costs incurred by Alston Hunt Floyd & Ing, for a total award to AHFI of $50,552.16.

<u>**BACKGROUND**</u>

Plaintiffs filed the instant action against Defendants Craig Nishimura, in his official capacity as Acting Director of the Department of Facility Maintenance,[1] and the City (collectively "Defendants") on June 12, 2008.  Plaintiffs' Complaint contained the following allegations:

Plaintiffs are tenants of Westlake Apartments, a low-income housing project owned by the City ("Westlake").  Westlake is federally subsidized through the Section 8 Loan Management Program.  Under that program, the rent which a tenant pays, including utilities, generally cannot exceed thirty percent of

---

[1] On February 17, 2009, the parties stipulated to Mr. Nishimura's dismissal without prejudice.

her income.  If a tenant pays her own utilities, the landlord must provide a utility allowance.  The landlord must periodically review the allowance to ensure that it covers the tenant's utilities.  The landlord must adjust the allowance whenever utility rates increase by ten percent.

Plaintiffs alleged that Defendants failed to adjust the utility allowances for Westlake tenants for at least ten years. Thus, Plaintiffs claimed that Defendants significantly overcharged Westlake tenants because the utility allowances did not keep up with the skyrocketing utility rates.  Plaintiffs also alleged Defendants have falsely certified that they properly calculated the rents of the Westlake tenants.

Plaintiffs asserted the following claims: violation of the United States Housing Act and supporting regulations; violation of 42 U.S.C. § 1983; breach of rental agreements; and violation of Hawai'i Revised Statutes Chapter 480.  Plaintiffs sought preliminary and permanent injunctions, actual damages, treble damages, statutory damages, attorneys' fees and costs, and other appropriate relief.

On October 30, 2008, this Court granted Plaintiffs' Motion for Class Certification.  This Court, *inter alia*, defined the class ("the Westlake Class") as:

> All persons who are, were, or will be head of household tenants at Westlake Apartments entitled to receive utility allowances from the City and County of Honolulu as part of their section 8

3

> subsidy at any time during which Defendants failed
> or fails to provide properly-calculated utility
> allowances for Westlake Apartments.

[Order Granting Pltfs.' Motion for Class Certification, filed 10/30/08 (dkt. no. 33), at 11-12.]

On June 22, 2009, this Court granted the City leave to file a Third Party Complaint against HPL, the manager of Westlake.  The City filed its Third Party Complaint on June 25, 2009, and its Amended Third Party Complaint on June 29, 2009. The Amended Third Party Complaint alleged breach of contract, indemnity/contribution, and a claim for declaratory relief.

On December 9, 2009, the parties consented to proceed before this Court.  Plaintiffs and Defendants originally consented on February 5, 2009, before the addition of HPL.

On January 29, 2010, this Court granted HPL's Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion").  The parties' settlement resolves all claims in this case and provides, *inter alia*: HPL will create and hold a settlement fund of $45,000 ("the Fund") from which eligible members of the Westlake Class for the years 2005 through 2008 may receive reimbursement for the alleged overpayment of rental proceeds; the payments to class members will be up to $500, depending on the number of months the member resided at Westlake and the number of months the member was entitled to receive a utility allowance; Plaintiffs will each receive $2,500 from the

4

Fund as compensation for their services as class representatives, in addition to the amounts they are each entitled to receive as class members; and class counsel, AHFI and LEJ, will receive an award of their reasonable attorneys' fees and costs, in amount to be determined by this Court.  This award will be in addition to the amount paid into the Fund.

Plaintiffs filed a Notice of Settlement of Class Action on February 4, 2010, which was amended by stipulation on February 17, 2010, and an Affidavit of Publication on February 24, 2010. This Court held a final fairness hearing on March 19, 2010.  This Court found that necessary and proper notice had been given to the Westlake Class and directed Plaintiffs' counsel to submit a proposed order of final approval of the settlement by March 24, 2010.  The Court directed Defendants to submit any objections or comments by April 1, 2010.

In the AHFI Motion, Plaintiffs argue that they are entitled to an award of their reasonable attorneys' fees and costs pursuant to the parties' settlement agreement, 42 U.S.C. § 1988, and Haw. Rev. Stat. § 480-13.  Plaintiffs argue that the number of hours AHFI expended on this case is reasonable.  They note that class administration and settlement took a substantial amount of time because of the complexity of utility allowance calculations, the length of the settlement negotiations, and the procedural requirements of litigating a class action.  Plaintiffs

emphasize that counsel was efficient and did not devote resources
to discovery or trial preparation once it appeared that a
settlement was imminent.  Plaintiffs note that much of the costs
in this case were attributable to class administration.

Plaintiffs contend that the amount of fees sought is
reasonable when measured against the relief obtained in this
case.  In addition to the Fund, the Westlake residents have saved
over $50,000 since the filing of this action and will save tens
of thousands more in the years to come because the City raised
the utility allowance from $40 to $84 as a result of this
lawsuit.  Plaintiffs, however, note that a full award of
counsel's fees would be warranted even if the relief were less
substantial because of the policy behind the applicable fee
shifting statutes.  Plaintiffs also argue that the hourly rates
sought by AHFI are reasonable, noting that the Bankruptcy Court
in this district has awarded attorneys' fees at rates as high as
$965 per hour.  Plaintiffs acknowledge that this Court has
previously reduced the hourly rates sought by AHFI in this case,
but they urge this Court to reconsider these reductions.

In the LEJ Motion, Plaintiffs rely on the same legal
arguments.  Plaintiffs represent that the number of hours LEJ
spent on this case was reasonable and necessary to prosecute this
case.  Plaintiffs also argue that LEJ's claimed hourly rates are
reasonable and commensurate with the prevailing rates in the

community.   Plaintiffs reserve the right to seek additional fees
and costs incurred to complete the case.

In their memorandum in opposition, the City and HPL
argue that the Court should only award Plaintiffs $33,113.07 in
attorneys' fees and $466 in costs.   [Mem. in Opp. at 1.]   The
City and HPL contend that the requested hourly rates are
excessive and do not reflect the prevailing market rates.   They
also argue that Plaintiffs should not be awarded fees for work
performed by AHFI's document analysts, who provide administrative
assistance to paralegals.   The City and HPL argue that such work
is part of AHFI's overhead.

The City and HPL argue that Plaintiffs should have
submitted AHFI's and LEJ's actual billing statements instead of
summaries of billing entries.   They contend that, without the
actual billing statements, neither they nor this Court can
determine whether the requested number of hours was reasonable.

Further, the City and HPL argue that the descriptions
Plaintiffs provided indicate that much of the work Plaintiffs'
counsel performed was redundant, excessive, unnecessary, and
irrelevant.   Specifically, they argue that the Court should
exclude the time Plaintiffs' counsel or their staff spent:
searching for potential clients before the filing of the
Complaint; traveling to meetings; waiting for depositions;
performing administrative tasks; and working on an unrelated

7

eviction issue.  In addition, the City and HPL argue that this Court should exclude entries that are not described with sufficient detail.  They further urge the Court to reduce counsel's time spent drafting the Complaint, drafting the motion for class certification, conducting discovery, working on the City's motion for leave to file third-party complaint, analyzing the utility rates, and negotiating the settlement.  They also argue that the Court should reduce or exclude the time spent by AHFI's summer law clerk and the time that Paul Alston spent reviewing the work of the lead attorneys in this case.  They point out that the Court should not award any fees associated with Plaintiffs' Motion to Compel Discovery beyond those that this Court has already awarded in connection with that motion.[2] Even after these reductions, the City and HPL argue that the Court should further reduce the lodestar amount.

Finally, the City and HPL argues that the majority of the requested costs are not compensable.  They note that Plaintiffs cite no authority to support a claim for the cost of researching public records or the publication of notices, and they argue that Plaintiffs are not entitled to the cost of legal research.  Finally, the City and HPL argue that this Court should

---

[2] The supplement that the City and HPL filed on March 2, 2010 clarified that the parties agreed that Plaintiffs would to include time spent on the Motion to Compel Discovery in the final fee application instead of seeking to enforce this Court's order awarding attorneys' fees as a discovery sanction.

not award costs that are not sufficiently documented.  The City
and HPL argue that only Plaintiffs' filing fee and service fees
are compensable.

In the AHFI Reply, Plaintiffs reiterate that both
AHFI's hourly rates and the number of hours spent on this case
are reasonable, including the hours spent on administrative tasks
and work done by the document analysts.  Plaintiffs also argue
that counsel's time records are sufficient to establish the
reasonableness of the work performed.  Plaintiffs argue that the
objections to specific work items are unfounded.  As to AHFI's
costs, Plaintiffs argue that they are sufficiently documented and
that the class notice expenses and computer research costs are
compensable under § 1988.

Plaintiffs raise similar arguments in the LEJ Reply.
They also argue that the City's suggested reductions to the
requested fees would have a chilling effect in public interest
cases.  Plaintiffs also argue that the City and HPL cannot argue
that the amount of work was excessive because they failed to
promptly resolve the case.  Plaintiffs assert that fees incurred
in connection with the eviction issue are compensable because the
Complaint sought preliminary and permanent injunctions barring
Defendants from initiating or proceeding with evictions based on
non-payment of rent.

**DISCUSSION**

I.   **Entitlement to Attorneys' Fees and Costs**

       The parties' settlement agreement provided that AHFI and LEJ would receive an award of reasonable attorneys' fees and costs, in an amount determined by this Court. [Mem. in Supp. of Preliminary Approval Motion, filed 12/22/09 (dkt. no. 88-1), at 6.] Further, the City and HPL do not contest Plaintiffs' entitlement to an award reasonable attorneys' fees and costs; they only dispute the amount of the award. This Court therefore FINDS that Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in this action.

II.  **Calculation of Attorneys' Fee Award**

       Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). <u>See Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. <u>See Fischer</u>, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  <u>See</u> <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. <u>See</u> <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request the following lodestar amount for work counsel performed in this case:

| <u>AHFI Attorney/Staff</u> | <u>Rate</u> | <u>Hours</u> | <u>Subtotal</u> |
|---|---|---|---|

```
Paul Alston                    $585      10.60    $ 6,201.00
Jason Kim                      $275     143.70    $39,517.50
Kelly Guadango - paralegal     $125      38.80    $ 4,850.00
Erica Chee - law clerk         $125       5.80    $   725.00
Gail Pang - doc. analyst       $ 50       2.00    $   100.00
Jya-Ming Bunch - doc. analyst  $ 50       2.50    $   125.00
Samson Lee - doc. analyst      $ 50       3.20    $   160.00
                                       Subtotal   $51,678.50
                        4.712% State Excise Tax   $ 2,435.09
                                          Total   $54,113.59
```

[AHFI Motion, Decl. of Jason H. Kim ("Kim Decl."), Exh. A at 16.]

| LEJ Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| M. Victor Geminiani | $350 | 28.50 | $ 9,975.00 |
| William Durham | $225 | 77.60 | $17,460.00 |
| Gavin Thornton | $250 | 16.50 | $ 4,125.00 |
| Delia L'Heureux | $100 | 5.70 | $   570.00 |
| | | Subtotal | $32,130.00 |
| | 4% State Excise Tax | | $ 1,285.20 |
| | | **Total** | **$33,415.20** |

[LEJ Motion, Decl. of William H. Durham ("Durham Decl."), Exh. 1 at 12.]

**A.    <u>Reasonable Hourly Rate</u>**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiffs submitted a May 29, 2009 list published by the Pacific Business News listing the reported hourly rates of attorneys at large Honolulu law firms.  [Kim Decl. at ¶ 4, Exh. B.]  Plaintiffs also submitted an excerpt from the Interim Fee Application of debtor's counsel Kirland & Ellis LLP in In re Hawaiian Telcom Communications, Inc., Case No. 08-02005, and the order granting that application.  [Kim Decl., Exh. C.]  Plaintiffs emphasize that the bankruptcy court approved hourly rates of up to $965 in that case.  [Mem. in Supp. of AHFI Motion at 10.]  Hawaiian Telcom is neither controlling nor persuasive in this case because of the fundamental differences in bankruptcy litigation and civil rights litigation.  This Court therefore will not consider Hawaiian Telcom.

### 1.  AHFI Hourly Rates

Paul Alston has been practicing law for almost forty years.  [Kim Decl. at ¶ 7.]  In another recent civil rights case, United States Magistrate Judge Kevin S. Chang rejected Mr. Alston's requested hourly rate of $585 and found $350 to be a reasonable hourly rate for Mr. Alston.  See Sound, et al. v. Koller, et al., CV 09-00409 JMS-LEK, Report of Special Master Recommending that Plaintiffs' Motion for Attorneys' Fees and Non-

taxable Expenses Be Granted in Part and Denied in Part, filed 3/5/10 (dkt. no. 31), at 15-18.[3]  This Court also finds $350 to be a reasonable hourly rate for Mr. Alston in light of his qualifications and the demands of this case.  This Court notes that this is the highest hourly rate this Court has awarded in any case and it is within the range of rates for partners in the law firms reflected in the Pacific Business News list.

This Court has previously found hourly rates of $240 and $80 to be reasonable for Jason Kim and Kelly Guadango, then known as Kelly Muller.  [Order Granting Plaintiffs' Motion to Compel Discovery, filed 10/24/08 (dkt. no. 31), at 9.]  Neither the additional experience they have gained since this Court's order nor the amount of time this action has been pending warrant a higher fee.  Cf. Loveland Academy, L.L.C., et al. v. Hamamoto, et al., CV 02-00693 HG-LEK, Report of Special Master on Plaintiffs' Motion for Award of Attorneys Fees and Costs, filed 8/13/08 (dkt. no. 111), at 17, 22-23 (attorney admitted in 1988 requested and awarded $275 per hour for entire action, even though the district court awarded him $250 in other cases for work prior to January 1, 2006, because Loveland had been pending

---

[3] The district judge in Sound has given the defendants until April 2, 2010 to file objections to Magistrate Judge Chang's Report of Special Master.

for six years).[4]  This Court therefore FINDS that $240 is a reasonable hourly rate for Mr. Kim and $80 is a reasonable hourly rate for Ms. Guadango.

Erica Chee is currently an attorney at AHFI, but when she worked on this case in June 2008, she was a summer law clerk. This Court generally awards new attorneys with one to two years of experience $130 per hour.  See, e.g., Ko Olina Dev., LLC v. Centex Homes, CV 09-00272 DAE-LEK, Order Awarding Attorneys' Fees and Costs, filed 2/9/10 (dkt. no. 126), at 4, 7-8 (attorney admitted in 2007 requested $210 per hour and was awarded $130 per hour).  This Court therefore finds that $125 for a law student is excessive.  This Court FINDS that $100 is a reasonable hourly rate for Ms. Chee.

Plaintiffs seek $50 per hour for AHFI's document analysts who "generally assist the paralegals."  To the extent that their work is compensable, see infra, this Court FINDS that $50 is manifestly reasonable for the document analysts.

### 2. LEJ Hourly Rates

Victor Geminiani has been practicing law since 1969 and is currently licensed in Georgia, California, and Hawai'i. [Durham Decl. at ¶ 9.a.]  This Court FINDS that his requested hourly rate of $350 is excessive and that $285 is a reasonable

---

[4] The district judge in Loveland adopted this Court's report of special master on September 9, 2008.

hourly rate.  <u>See</u> <u>Sound</u>, Report of Special Master, at 18
(awarding Mr. Geminiani $285 per hour).

Gavin Thornton has been admitted to practice in the
state of Washington since 2002.  He was admitted to the Hawai'i
bar in 2003.  [Durham Decl. at ¶ 9.c.]  In <u>Sound</u>, Magistrate
Judge Chang found $185 to be a reasonable hourly rate for another
LEJ attorney who had been licensed since 2001.  <u>See</u> Report of
Special Master, at 17-18.  This Court therefore FINDS $185 to be
a reasonable hourly rate for Mr. Thornton.

William Durham has been admitted to practice in Hawai'i
since 2004.  [Durham Decl. at ¶ 9.b.]  This Court has awarded
other attorneys with approximately the same number of years in
practice $150 per hour.  <u>See</u>, <u>e.g.</u>, <u>Sakaria v. FMS Inv. Corp.</u>, CV
08-00330 SOM-LEK, Report of Special Master on Plaintiff's Motion
for Attorneys' Fees and Costs, filed 5/12/09 (dkt. no. 22) at 6-7
(reasonable rate for attorney admitted in 2004 was $150, although
attorney requested $175).[5]  This Court therefore FINDS that $150
is a reasonable hourly rate for Mr. Durham.

Delia L'Heureux has been admitted to practice in
Hawai'i since November 19, 2008.  [Durham Decl. at ¶ 9.d.]  Thus,
for a portion of this case, she was not a licensed attorney.
Even taking that into account, this Court finds her requested

---

[5] A stipulation to dismiss the case was filed on May 13,
2009.  Thus, the district judge did not issue a ruling on this
Court's Report of Special Master in <u>Sakaria</u>.

16

hourly rate of $100 to be manifestly reasonable for her compensable work.

## B.   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

## 1.   **Pre-Filing Work**

LEJ billed approximately sixteen hours on case development and investigation prior to the filing of the Complaint.  While some time for case development and investigation is necessary before filing a complaint, sixteen

17

hours is excessive in this case, and some of Mr. Durham's entries would not be compensable even if his time was not excessive.  For example, Mr. Durham's travel from LEJ's offices to client meetings is not compensable because there is no indication that he performed legal services while in transit.  See, e.g., Melodee H., et al. v. Dep't of Educ., State of Hawaii, CV 07-00256 HG-LEK, Report of Special Master on Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, filed 9/23/08 (dkt. no. 40) at 27 ("This Court typically allows counsel to claim reasonable travel time for case-related travel to and from the other islands or the mainland.  This Court, however, does not award attorney travel time from their offices to the courthouse, unless they performed legal services while in transit." (citations omitted)).[6]  In addition, time spent scanning documents is not compensable because "[c]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  See Jeremiah B., et al. v. Dep't of Educ., CV 09-00262 DAE-LEK, Report of Special Master on Award of Attorneys' Fees and Costs, filed 1/29/10 (dkt. no 26), at 11 (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).[7]  This Court will therefore deduct 8.0 hours from

---

[6] The district judge in Melodee H. adopted this Court's Report of Special Master, as amended, on October 27, 2008.

[7] The district judge in Jeremiah B. adopted this Court's
(continued...)

Mr. Durham's time.

This Court finds the remainder of counsel's pre-filing work, including the time that LEJ and AHFI spent working on the Complaint, to be reasonable.

### 2.  **Clerical or Ministerial Tasks**

As noted *supra*, clerical or ministerial tasks are not compensable.  Pulling files, scanning documents, emailing documents, receiving documents, downloading documents, copying documents, and calendaring dates are clerical tasks.  This Court will therefore exclude 2.0 hours from Ms. L'Heureux's time and 0.5 hours from Mr. Durham's time for clerical tasks.

In addition, this Court notes that Ms. Durham billed 0.3 hours on August 21, 2008 waiting for a deponent.  Similar to travel time, such time is not compensable.  This is particularly so because Ms. L'Heureux was not licensed to practice law at that time and thus was not conducting the deposition herself.  This Court will therefore deduct. 0.3 hours from her time.

In the AHFI Motion, the delivery of the "Notice of Pendency of Class Action" to Westlake residents is a ministerial task that is not compensable.  This Court will therefore disallow Ms. Pang's time in its entirety and will deduct 2.0 hours from

---

[7](...continued)
Report of Special Master on February 22, 2010.

Mr. Lee's time.[8]  This Court will also deduct 0.7 hours from Ms. Bunch's time because internal processing and filing of discovery disclosures are also clerical tasks.

### 3.   Duplicative Billings

As a general rule, this Court allows two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a "second-chair" to appear with lead counsel.  The Court, however, does not allow more than one attorney to bill for attending: 1) a meeting between co-counsel; 2) a client meeting; or 3) a meeting with opposing counsel.  This Court generally deducts the time spent by the lowest-billing attorney or attorneys.  See, e.g., Melodee H., Report of Special Master, at 28-30.

Mr. Geminiani, Mr. Durham, and Mr. Kim billed for a discovery planning meeting on July 31, 2008.  The Court finds this to be duplicative and will deduct 0.7 hours from Mr. Durham's time and Mr. Kim's time.  Mr. Geminiani's time is compensable.

Both Mr. Thornton and Mr. Kim billed for a July 3, 2008 conference call that they participated in with Mr. Durham and Mr. Geminiani.[9]  This Court will deduct 0.9 hours from

---

[8] Mr. Lee's time spent preparing the notice is compensable.

[9] Of these attorneys, Mr. Geminiani has the highest reasonable hourly rate, but he did not bill his time for the
(continued...)

Mr. Thornton's time as duplicative.

### 4. __Travel Time__

Mr. Kim billed time on February 17, 2009 traveling to a
status conference and on June 3, 2009 traveling to a settlement
conference.  For the reasons stated *supra*, this time is not
compensable.  This Court will therefore deduct 0.6 hours from
Mr. Kim's time.

### 5. __Other Objections__

The City and HPL argue that Plaintiffs' counsel's
descriptions of the work they performed are insufficient to
permit review of the reasonableness of the requested fees.  This
Court disagrees.  Counsel's time is sufficiently described to
permit review, and counsel's actual billing statements were not
necessary.

The City and HPL argue that the time counsel spent on
the evictions issue is not compensable because that is a separate
issue from the proper calculation of the utility allowance.
Plaintiffs, however, point out that the Complaint sought
preliminary and permanent injunctions "barring Defendants from
initiating or proceeding with eviction actions against members of
the Plaintiff class based on rent delinquencies until rent
overcharges resulting from Defendants' unlawful actions are

---

[9](...continued)
conference call.

credited to the tenants' rent payments." [Complaint at 17.]
This Court therefore finds that work on the evictions issue is
compensable.

The City and HPL also argue that the time counsel
spent in the following areas was excessive: working on the motion
for class certification; conducting discovery; working on the
City's motion for leave to file third-party complaint; analyzing
the utility rates; and negotiating the settlement.  This Court
has reviewed counsel's time in these areas and finds that the
number of hours spent was reasonable.

The City and HPL argue that the Court should exclude
the time that Ms. Chee spent researching the "UDPA" because there
is no indication that counsel utilized her research in this case.
The Complaint included a claim for violations of Haw. Rev. Stat.
Chapter 480.  This Court therefore finds that research on the
applicability of unfair and deceptive practices statutes was
necessary and reasonable.

The Court finds that all remaining time spent by AHFI
and LEJ was necessary and reasonable in this case.

C.   **Total Lodestar Award**

Based on the foregoing, this Court FINDS that
Plaintiffs have established the appropriateness of an award of
attorneys' fees as follows:

22

| AHFI Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Paul Alston | $350 | 10.6 | $ 3,710.00 |
| Jason Kim | $240 | 142.4 | $34,176.00 |
| Kelly Guadango - paralegal | $ 80 | 38.8 | $ 3,104.00 |
| Erica Chee - law clerk | $100 | 5.8 | $   580.00 |
| Jya-Ming Bunch - doc. analyst | $ 50 | 1.8 | $    90.00 |
| Samson Lee - doc. analyst | $ 50 | 1.2 | $    60.00 |
| | | Subtotal | $41,720.00 |
| | | State Excise Tax | $ 1,965.85 |
| | | **Total** | **$43,685.85** |

| LEJ Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| M. Victor Geminiani | $285 | 28.5 | $ 8,122.50 |
| William Durham | $150 | 68.4 | $10,260.00 |
| Gavin Thornton | $185 | 15.6 | $ 2,886.00 |
| Delia L'Heureux | $100 | 3.4 | $   340.00 |
| | | Subtotal | $21,608.50 |
| | | State Excise Tax | $   864.34 |
| | | **Total** | **$22,472.84** |

The Court declines to adjust the award based on the remaining Kerr factors.

## III. **Calculation of Costs**

As noted *supra*, Plaintiffs are entitled to an award of their reasonable costs incurred in this case.  Plaintiffs request the following costs:

| | |
|---|---|
| Copies | $   346.50 |
| Messenger | $    66.00 |
| Postage | $    50.24 |
| Lexis & Westlaw research | $1,296.11 |
| Filing & certification fees | $   386.00 |
| Sheriff Fees for service of Complaint | $    80.00 |
| Document production - Public Utilities Comm'n | $     6.00 |
| Court/regulatory documents | $     7.60 |
| Long distance telephone | $     1.63 |
| Outside copies | $     0.45 |
| Public records searches | $   275.00 |
| Legal Notices - class action notice in<br>   The Honolulu Advertiser | $4,350.78 |
| **Total** | **$6,866.31** |

[Kim Decl., Exh. A at 17.]  Plaintiffs submitted invoices or

23

receipts for: the filing and certification fees; the public records searches; and the publication of the class action notice. [<u>Id.</u> at 18-23.]

The City and HPL concede that Plaintiffs are entitled to the filing and certification fees and the sheriff's service fees, but they object to the remaining costs, arguing that Plaintiffs have not provided any supporting case law or statutory authority.  The City and HPL also argue that Plaintiffs' requests do not comport with Local Rule 54.2.  These objections are misplaced.

Local Rule 54.2 is inapplicable because it applies to requests for the taxation of costs pursuant to Fed. R. Civ. P. 54(d)(1).  Plaintiffs do not seek the taxation of costs pursuant to Rule 54(d)(1).  The parties' settlement agreement provides that Plaintiffs are entitled to their reasonable costs incurred in this action.  The settlement agreement does not limit the costs to what would be taxable pursuant to Rule 54(d)(1).  This Court FINDS that all of Plaintiffs' costs were necessarily and reasonably incurred in this case.  This Court therefore GRANTS Plaintiffs' request for costs in full.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' two Motions for Award of Attorneys' Fees and Costs, filed February 12, 2010, are HEREBY GRANTED IN PART AND DENIED IN PART.  This Court AWARDS

Plaintiffs $22,472.84 in attorneys' fees incurred by Lawyers for Equal Justice, and $43,685.85 in attorneys' fees and $6,866.31 in costs incurred by Alston Hunt Floyd & Ing, for a total award to AHFI of $50,552.16.  The Court ORDERS the City and/or HPL to pay these amounts to Plaintiffs' counsel by no later than **May 17, 2010**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 31, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BEVERLY BLAKE, ET AL. V. CRAIG NISHIMURA, ET AL; CIVIL NO. 08-00281 LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**